IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERNEST MAGRUDER,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CIVIL ACTION NO. 2:04CV926-W
                                    )        WO
CSX TRANSPORTATION, INC.,           )
                                    )
        Defendant.                  )

**ORDER**

This action is presently before the court on the plaintiff's motion to dismiss (Doc. # 12). Plaintiff seeks dismissal of this action without prejudice. Defendant objects, arguing that the action should instead be dismissed with prejudice.

A plaintiff's motion for voluntary dismissal, when voluntary dismissal is no longer available to the plaintiff as of right, is governed by the provisions of Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. The rule allows the plaintiff to withdraw his action from the court without prejudice to future litigation." LeCompte v. Mr. Chip, Inc., 528 F.2d 601 (5th Cir. 1976). "A district court considering a motion for a dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986). "The purpose of the

rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Id. (quoting Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir.), cert. denied, 368 U.S. 831 (1961)).

Defendant argues that: (1) it has "devoted substantial resources and time" to defending this action; (2) given the long statute of limitations for § 1981 actions, plaintiff could re-file this action "a year or two from now after memories have faded and evidence otherwise has become unavailable or more difficult to obtain"; (3) plaintiff is unlikely to be able to prove a *prima facie* case of disparate treatment.

" '[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'" Pontenberg v. Boston Scientific Corporation, 252 F.3d 1253 (11th Cir. 2001)(citing McCants, *supra*, 781 F.2d at 856-57)(emphasis in McCants). In Pontenberg, the Eleventh Circuit upheld the district court's dismissal without prejudice on plaintiff's motion pursuant to Rule 41(a)(2), where plaintiff's motion was filed after the expiration of the discovery period and after defendant had filed a motion for summary judgment. The Court found no legal prejudice in the fact that the litigation had proceeded to the summary judgment stage. In the present case, plaintiff has filed his motion at a relatively early stage of the litigation, before defendant has filed a dispositive motion. Although defendant argues that it has devoted "substantial resources and time" to this action, it has not

2

provided the court with any evidence of the amount of time or resources expended to date. Further, defendant has not suggested that the work it has performed in this action would not be of benefit in any subsequent action filed by the plaintiff. In view of the lack of evidence of defendant's expenditures, and the fact that defendant has not yet deposed the plaintiff or filed a summary judgment motion, the court concludes that defendant has not demonstrated clear legal prejudice by reason of the time and resources it has expended in defending this action.   See Berry v. General Star National Ins. Co., 190 F.R.D. 697 (M.D. Ala. 2000)("[M]erely because some limited discovery has been done in this case does not mean that the Defendant will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff."). The court further concludes that the length of the statute of limitations does not establish that defendant has or will suffer legal prejudice by reason of dismissal without prejudice.  While defendant might prefer to litigate this action sooner rather than later (if at all), the "mere prospect of a subsequent lawsuit" – within whatever statute of limitations is provided by law for the cause of action – does not rise to the level of legal prejudice.

Finally, defendant relies on the findings of an EEOC investigator as set forth in a summary of a "pre-determination interview" in arguing that plaintiff's action should be dismissed with prejudice.  Even if defendant is correct that plaintiff would not have been

able to establish a *prima facie* case of discrimination had the case proceeded to a determination on the merits, this does not constitute clear legal prejudice warranting denial of plaintiff's motion to dismiss. The court is persuaded that a dismissal of this action with prejudice on the present motion, without plaintiff's concurrence, would be an abuse of discretion.

Defendant has not demonstrated that it would suffer any legal prejudice by reason of a dismissal without prejudice, nor has it demonstrated the necessity for the imposition of any conditions on the dismissal.[1] Accordingly, it is

ORDERED that the plaintiff's motion to dismiss (Doc. # 11) is GRANTED. This action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) by separate judgment.

DONE, this 20th day of July, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] If plaintiff should later re-file his claims against the defendant, defendant may then seek relief pursuant to Fed. R. Civ. P. 41(d).

4